<u>IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA</u>

| | |
|---|---|
| **<u>DEVON R., a minor,</u>** | : |
| BY AND THROUGH HIS PARENTS | : |
| AND NATURAL GUARDIANS, | : |
| **<u>LYNNETTE R. and RICHARD R.</u>,** | : CIVIL ACTION NO. |
| INDIVIDUALLY AND AS PARENTS AND | : |
| NATURAL GUARDIANS | : |
| | : JURY TRIAL DEMANDED |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| **<u>VISIONQUEST, LTD, VISIONQUEST</u>** | : |
| **<u>NATIONAL, LTD, VISIONQUEST</u>** | : |
| **<u>LODGEMAKERS, INC.</u>** | : |
| **<u>VISIONQUEST NONPROFIT</u>** | : |
| **<u>CORPORATION</u>** | : |
| Defendant | : |
| | : |
| **<u>JEANMARIE PAGANO</u>** | : |
| Defendant | : |
| | : |
| **<u>KENN CAPPER</u>** | : |
| Defendant | : |
| | : |
| **<u>JOHN DOE1 a/k/a MR. MOSS</u>** | : |
| Defendant | : |
| | : |
| **<u>JOHN DOE2 a/k/a/ MR. HILL</u>** | : |
| Defendant | : |
| | : |
| **<u>JOHN DOE3 a/k/a MR. GREEN</u>** | : |
| Defendant | : |
| | : |
| **<u>JOHN DOE4 a/k/a MR. McCOOL</u>** | : |
| Defendant | : |
| | : |
| **<u>JOSEPH LITTLE</u>** | : |
| Defendant | : |
| | : |
| **<u>ANDRE MORGAN</u>,** | : |
| Defendant | : |
| | : |
| **<u>RONALD DAVIS,</u>** | : |
| Defendant | : |
| | : |
| **<u>MONTGOMERY COUNTY</u>** | : |
| Defendant | : |
| | : |
| **<u>MONTGOMERY COUNTY</u>** | : |
| **<u>JUVENILE PROBATION DEPARTMENT</u>** | : |

|                                                      |     |
| ---------------------------------------------------- | --- |
|      Defendant              | :   |
|                                                      | :   |
| **STEVEN CUSTER**                                    | :   |
|      Defendant              | :   |
|                                                      | :   |
| **JAMES SIMON**                                      | :   |
|      Defendant              | :   |
|                                                      | :   |
| **MONTGOMERY COUNTY**                                | :   |
| **OFFICE OF CHILDREN AND YOUTH**                     | :   |
|      Defendant              | :   |
|                                                      | :   |
| **JEROME F. JUSTICE**                                | :   |
|      Defendant              | :   |
|                                                      | :   |
| **NAVIN P.**, A MINOR,                               | :   |
| BY AND THROUGH HIS PARENT AND                        | :   |
| NATURAL GUARDIAN, **JOYCE P.**,                      | :   |
|      Defendants             | :   |
|                                                      | :   |
| **SHAEED W.,** A MINOR, BY AND THROUGH               | :   |
| HIS PARENTS AND NATURAL GUARDIANS,                   | :   |
| **DELILAH AND MORRIS W.**,                           | :   |
|      Defendants             | :   |

## C O M P L A I N T

This is an action brought on behalf of Devon R., now 17 years old, date of birth, April 6, 1991, and his parents, Lynnette R. and Richard R., for claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and for violations of pendent state tort claims for willful misconduct, sexual battery, assault and battery, negligence, gross negligence, negligent infliction of emotional distress, and violations of the Pennsylvania Juvenile Act, 42 Pa.C.S.A. §6301 ("Juvenile Act").  Defendants include VisionQuest entities, Jeanmarie Pagano, Kenn Capper, John Does 1,2,3 and 4, Joseph Little, Andre Morgan, Ronald Davis, Montgomery County,  Juvenile Probation Department, Steven Custer, James Simon, Office of Children and Youth,  Jerome Justice, Navin P., his parent, and Shaeed W. and his parents.

I.  PARTIES

1.      Plaintiff, Devon R. is a 17 year old minor, with a date of birth of April 6, 1991.

Devon R. resides in Bucks County, Pennsylvania with his parents, with an address, in care of his attorneys, Anthony F. Zabicki, Jr. and Mary M. Labaree, of Stark & Stark, at 1800 JFK Boulevard, Suite 403, Philadelphia, Pennsylvania 19103.

2.      Plaintiffs Lynnette R. and Richard R. are adult individuals and the parents of the minor Plaintiff Devon R. and reside with him in Bucks County, Pennsylvania, with an address, in care of their attorneys, Anthony F. Zabicki, Jr. and Mary M. Labaree, of Stark & Stark, at 1800 JFK Boulevard, Suite 403, Philadelphia, Pennsylvania 19103.

3.      Defendant VisionQuest Ltd., is an Arizona Corporation authorized to do business in the Commonwealth of Pennsylvania, having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335.

4.      Defendant VisionQuest Lodgemakers, Inc., is an Arizona Corporation authorized to do business in the Commonwealth of Pennsylvania having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335.

5.      Defendant VisionQuest National, Ltd., is an Arizona Corporation authorized to do business in the Commonwealth of Pennsylvania, having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335.

6.      Defendant VisionQuest Nonprofit Corporation, is an Arizona Corporation authorized to do business in the Commonwealth of Pennsylvania, having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335.

7.      Camp Charles Young is a VisionQuest residential facility serving boys adjudicated delinquent, including Plaintiff Devon R. at all times material hereto, located at 555 South Penn Road, in Franklin, Venango County, Pennsylvania, 16323.

8.      At all relevant times, Defendants VisionQuest, Ltd., VisionQuest Lodgemakers, Inc.,

VisionQuest National, Ltd., VisionQuest Nonprofit Corporation, [hereinafter, collectively " Defendants VisionQuest"] owned, operated, managed and were responsible for Camp Charles Young in Franklin, Pennsylvania directly and by and through its employees, servants, agents and ostensible agents.

9.    Defendant Jeanmarie Pagano, is an adult individual, and at all material times, was an employee, agent, (including ostensible agent) or servant of Defendants VisionQuest. She served as the Admissions Coordinator for Defendants VisionQuest, having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335, worked jointly with Defendants Montgomery County, Montgomery County,  Juvenile Probation Department, Steven Custer, James Simon and Office of Children and Youth in placing juveniles such as Devon R. at VisionQuest facilities and acted as a representative of VisionQuest explaining policies, procedures and practices to parents such as Lynnette R. and Richard R.

10.    Defendant Kenn Capper, is an adult individual, and at all material times, was the director of VisionQuest's Buffalo Soldier facilities that included the Camp Charles Young facility and an employee, agent, (including ostensible agent) or servant of Defendants VisionQuest, having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335.  In that capacity, Defendant Capper was the chief administrator of the facility and was responsible for carrying out the rules, policies and procedures established by VisionQuest and government agencies who placed juvenile delinquents at that facility and for supervising all employees at Camp Charles Young.

11.    Defendant John Doe1, also known as Mr. Moss, at all times material hereto, worked at Camp Charles Young and was an employee, agent, including ostensible agent, or

servant of Defendants VisionQuest, having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335.

12.     Defendant John Doe2, also known as Mr. Hill, at all times material hereto, worked at Camp Charles Young, and was an employee, agent, including ostensible agent, or servant of Defendants VisionQuest, having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335.

13.     Defendant John Doe3, also known as Mr. Green, at all times material hereto,  worked at Camp Charles Young, and was an employee, agent, including ostensible agent, or servant of Defendants VisionQuest, having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335.

14.     Defendant John Doe4, also known as Mr. McCool, at all times material hereto, worked at Camp Charles Young, and was an employee, agent, including ostensible agent, or servant of Defendants VisionQuest, having an address of 352 Marshallton-Thorndale Road, Downingtown, Chester County, Pennsylvania 19335.

15.     Defendant Joseph Little, at all times material hereto, worked at Camp Charles Young, and was an employee, agent, including ostensible agent, or servant of Defendants VisionQuest, and resides at 4112 Timber Run, Ravenna, Ohio, 44266.

16.     Defendant Andre Morgan, at all times material hereto, worked at Camp Charles Young, and was an employee, agent, including ostensible agent, or servant of Defendants VisionQuest and resides at 116 Bright Avenue, Campbell, Ohio, 44405.

17.     Defendant Ronald Davis, at all times material hereto, worked at Camp Charles Young, and was an employee, agent, including ostensible agent, or servant of Defendants VisionQuest and resides at 174 Lilburne Drive, Youngstown, Ohio, 44405.

18.     Defendant Pagano, Capper, John Does 1, 2, 3 and 4, Little, Morgan and Davis are
        sued in their individual capacities and in their official capacities as employees, agents,
        including ostensible agents, or servants of VisionQuest.

19.     At all times material hereto, Defendants VisionQuest were responsible for the acts of
        its employees, servants and agents, Jeanmarie Pagano, Ken Capper, John Does 1, 2, 3,
        and 4, Joseph Little, Andre Morgan and Ronald Davis.

20.     Defendant Montgomery County is a County of the Second Class with a seat of
        government located at One Montgomery Plaza, Suite 800, Norristown, Pennsylvania.
        At all times material hereto, the County was the legal guardian with custody of Devon
        R., and responsible for the placement of juveniles adjudicated delinquent, such as
        Plaintiff Devon R. and for their supervision while in placement.

21.     Defendant Montgomery County Juvenile Probation Department [hereinafter
        "Juvenile Probation Department"] is a Montgomery County public agency located at
        530 Port Indian Road, Norristown, Pennsylvania 19403 and was the legal guardian
        with custody of Devon R., and an agency responsible for the placement of juveniles
        adjudicated delinquent, such as Plaintiff Devon R. and for their supervision while in
        placement.

22.     .Defendant Steven Custer, at all relevant times, the Chief of the Juvenile Probation
        Department, with an address of 530 Port Indian Road, Norristown, Pennsylvania
        19403,  was the legal guardian with custody of Devon R., and responsible for the
        placement of juveniles adjudicated delinquent, such as Devon R. and for their
        supervision while in placement.

23.     Defendant Steven Custer is sued in his individual capacity and in his official capacity
        as employee, agent, including ostensible agent, or servant of Montgomery County and

the Juvenile Probation Department.

24.     Defendant James Simon, at all relevant times, a Juvenile Probation Officer with the
        Juvenile Probation Department, with an address of 530 Port Indian Road,
        Norristown, Pennsylvania 19403, was the legal guardian with custody of Devon R.,
        and was responsible for the placement of juveniles adjudicated delinquent, such as
        Devon R. and for their supervision while in placement.

25.     Defendant James Simon is sued in his individual capacity and in his official capacity as
        an employee, agent, including ostensible agent, or servants of the Juvenile Probation
        Department.

26.     Defendant Montgomery County Office of Children and Youth [hereinafter "Office of
        Children and Youth"], at all relevant times, is a Montgomery County public agency
        and located at 1430 DeKalb Street, Norristown, Pennsylvania 19404, and an agency
        responsible for the placement of juveniles adjudicated delinquent and their
        supervision while in placement.

27.     Defendant Jerome Justice, an adult individual, upon information and belief, in
        incarcerated in Pennsylvania and has a permanent residence located at 5009 N. 9th
        Street, Philadelphia, Pennsylvania 19141.

28.     Defendant Navin P., by and through his parent and natural guardian, Defendant
        Joyce P., is a minor, with a permanent residence at 203 West Grange Avenue,
        Philadelphia, Pennsylvania 19120.

29.     Defendant Shaeed W.  by and through his parents and natural guardians, Defendants
        Delilah W. and Morris W., is a minor with a permanent residence at 3230 Turner
        Street, Philadelphia, Pennsylvania 19121.

30.     At all relevant times, Defendants VisionQuest, Jeanmarie Pagano, Kenn Capper, John

Does 1,2,3 and 4, Joseph Little, Andre Morgan, Ronald Davis, Montgomery County, Juvenile Probation Department and Steven Custer and James Simon, and the Office of Children and Youth were acting under color of state law.

31.     At all times herein, Defendants Pagano, Capper, John Doe 1, 2, 3 and 4 , Little, Morgan and Davis were acting individually or in the course and scope of their employment, agency or ostensible agency or servant with Defendants VisionQuest and all government agencies that placed juvenile delinquents at Camp Charles Young.

32.     At all relevant times, Defendants VisionQuest, its employees, agents (including ostensible agents) and servants, Pagano, Capper, John Doe 1, 2, 3 and 4 , Morgan and Davis were acting on behalf of, in place of, and as an agent for the Defendants Montgomery County, Juvenile Probation Department, Steven Custer, James Simon and the Office of Children and Youth.

33.     Defendant Steven Custer and James Simon, at all relevant times, was acting individually and in the course and scope of his employment or as agent (or ostensible agent), servant of Defendants Montgomery County, the Juvenile Probation Department, and Office of Children and Youth.

34.     At all relevant times, Defendants VisionQuest were the employers of Defendants Jeanmarie Pagano, Kenn Capper, John Does 1,2 ,3 4, Joseph Little, Andre Morgan and Ronald Davis.

35.     At all relevant times, Defendants Montgomery County,  Juvenile Probation Department and Office of Children and Youth were the employers of  Defendant Steven Custer and James Simon.

36.     Defendants Pagano, Capper, Does 1,2,3 and 4, Little, Morgan, Davis and Steven Custer and James Simon did deviate from the ordinary standard of care and conduct

of persons charged with responsibility for providing for the safety, care, custody and control of a minor child. Further, Defendants did act with gross negligence, wanton and willful conduct and reckless indifference to minor Plaintiff Devon R.'s rights.

37.     At all times material hereto, minor Plaintiff Devon R. was in the custody and control and under the treatment, care, and supervision of Defendants VisionQuest, Montgomery County, Office of Children and Youth and Juvenile Probation Department, and their employees, servants and agents, including Pagano, Capper, John Does 1,2 ,3 4, Little,  Morgan, Davis, and Custer and Simon who were acting in the capacity of *in loco parentis*.

## II. JURISDICTION

38.     This action is brought pursuant to 42 U.S.C. § 1983, for violations of the rights of individuals to due process of law under the Fourteenth Amendment before being deprived by a state of an interest in liberty, or property and as an action for pendent state tort claims for willful misconduct, sexual battery, assault and battery, negligence, gross negligence, negligent infliction of emotional distress, and violations of the Pennsylvania Juvenile Act, 42 Pa.C.S.A. §6301 ("Juvenile Act").

39.     Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§1331 and 1343. Supplemental jurisdiction over Plaintiffs' state claims is proper pursuant to 28 USC §1367.  Plaintiffs' causes of action arise under 42 U.S.C. §1983 and state law, including the Juvenile Act of Pennsylvania.

40.     Venue is proper in this District in accordance with 28 U.S.C. §1391(b).

41.     Plaintiffs' claims for compensatory and punitive damages are authorized by 42 USC § 1983.   Plaintiffs' claims for attorneys fees are authorized by 42 USC §1983 and §1988.

III. FACTS

42.     Within the Commonwealth of Pennsylvania, Defendant VisionQuest provides a
        variety of services to children including residential care at Camp Charles Young in
        Franklin, PA. These programs are licensed by the Pennsylvania Department of Public
        Welfare (PDPW) and accredited by the Joint Commission on Accreditation of Health
        Care Organizations (JCAHO).  Its schools are regulated by the Pennsylvania
        Department of Education and accredited by the Middle States Commission on
        Higher Education.

43.     On or about April 22, 2008, minor Plaintiff Devon R., who had never been arrested
        before,  was taken into custody by Montgomery County police for three nonviolent
        misdemeanors charges involving marijuana and receiving stolen property, to wit, two
        blank checks.

44.     On or about May 13, 2009, the Honorable Joseph A. Smyth, Juvenile Court Judge of
        Montgomery County Court of Common Pleas committed Plaintiff Devon R. to
        Camp Charles Young, effective on or about May 23, 2008 and placed him in the care,
        custody and control of Montgomery County,  Juvenile Probation, the Office of
        Children and Youth.

45.     According to the Commitment Order, Plaintiff was "[t]o be under the supervision of
        the Chief Juvenile Probation Officer", who was Steven Custer, and "[t]he Juvenile
        Probation Department and the Office of Children and Youth of Montgomery County
        will share management responsibilities for the juvenile while in placement."

46.     Upon information and belief, Defendants Juvenile Probation Department and Office
        of Children and Youth recommended placement of Devon R. at Defendants
        VisionQuest.

47.     Following the hearing, Plaintiff's parents were introduced by Probation Officer
        Defendant James Simon, in the course and scope of his duties, to Defendant
        Jeanmarie Pagano, an Admissions Coordinator of Defendant VisionQuest, who
        described the Camp.

48.     Plaintiff Devon R.'s parents expressed concern for his safety and Defendant
        Jeanmarie Pagano assured his parents that, based on her personal knowledge and
        experience, their son would be safe and she provided material that described one of
        the "main objectives" of the program, as follows:  "Creating and maintaining a safe
        physical and emotional environment extends past agency philosophy and is at the
        core of the program design and daily programming."

49.     Upon information and belief, at no time relevant hereto, did Jeanmarie Pagano take
        steps to investigate or substantiate the claims that she made about VisionQuest
        regarding the safety of residents such as Plaintiff Devon R.

50.     Upon information and belief, at no time relevant hereto, did Defendants Montgomery
        County, Juvenile Probation Department and Office of Children and Youth, Custer or
        Simon take steps to supervise, investigate or substantiate the claims made by
        VisionQuest regarding the safety of residents such as Plaintiff Devon R.

51.     Plaintiff's parents relied upon the negligent misrepresentations concerning safety and
        welfare made by Defendants VisionQuest, Montgomery County, Juvenile Probation
        Department and Office of Children and Youth, Custer,  Simon and Pagano.

52.     From May 16, 2008 to May 29, 2008, minor Plaintiff Devon R. was a resident at
        Defendant's VisionQuest's Camp Charles Young facility, and under the care, custody,
        control and supervision of Defendants Montgomery County, Juvenile Probation
        Department, Office of Children and Youth, and VisionQuest, individually through its

employees, servants and agents, including ostensible agents, including Defendants Pagano, Capper, John Doe 1, 2, 3, and 4, Little, Morgan, Davis, Simon and Custer.

53.     Prior to Devon R.'s arrest, he was under the care, custody,  control and supervision of his parents.

54.     All Defendants were aware or should have been aware of Plaintiff Devon R.'s psychological evaluations concluding that he suffered from ADHD, depression, conduct disorder and marijuana use.

55.     Upon entry to Camp Charles Young, Defendants Vision Quest staff advised Plaintiff to be on the look out for weapons created and maintained by residents.

56.     Living Unit # 1 housed Plaintiff and Defendants Jerome Justice, Navin P. and Shaeed W. who upon information and belief, were known by or should have been known by Defendants VisionQuest, Pagano, Capper, John Does 1,2 ,3 4, Little, Morgan and Davis,  to have disciplinary/aggression/violence problems.

57.     On or about his first day in the unit, Plaintiff Devon R. witnessed Defendant Shaeed W. hit a guard in the face in Living Unit # 1.

58.     On an ongoing basis, from the time of Plaintiff's entry into Camp Charles Young, Defendant VisionQuest employees, including John Does 1, 2, 3 and 4, Little, Morgan or Wilson, who were under the supervision of Defendant Capper, provided drugs, cigarettes, and cell phones to residents, and tolerated or acquiesced in resident-on-resident attacks, intimidation and aggressive behavior, theft of property or possession of weapons by residents, including the offending residents.

59.     Residents were frequently unaccompanied by staff or guards who were responsible for their safety and protection.

60.     On a daily basis during his stay at VisionQuest, Plaintiff Devon R. was threatened

with bodily harm, slapped, punched and intimidated by other residents, including Defendants Jerome Justice, Navin P. and Shaeed W., in the presence of staff, under the supervision of  Kenn Capper, who demonstrated gross negligence, wanton and willful conduct and reckless indifference in failing to take remedial measures to prevent resident-on-resident attacks.

61.   Defendant VisionQuest's educational process was marred by gross negligence, wanton and willful conduct and reckless indifference by staff to ongoing chaos and disruption, such as a student throwing a book at a teacher, students playing cards or students walking out of the classroom en masse.

62.   Defendants were aware or should have been aware of the absence of treatment such as "Circles" or "Circles of Pride".

63.   On or about May 27, 2008, Plaintiff and others visited Defendant VisionQuest's "Big Lodge" where, upon information and belief, a fistfight led to a riot among the residents that required State Police involvement, despite the presence of VisionQuest staff, who were supervised by Defendant Kenn Capper.

64.   Upon his return to Living Unit #1, according to the Affidavit of Probable Cause against Jerome Justice,  Plaintiff was assaulted in the bathroom of the unit by Defendants Justice and Shaeed W. who punched and kicked Plaintiff and attempted to force him to bend over, then slammed him to the floor and held him down, and attempted to sodomize and force to perform sexual acts.

65.   At the time of this assault, Defendants Morgan and Davis, who were under the supervision of Defendant Kenn Capper, were not in the unit.  Nor was any other VisionQuest staff present.

66.   On or about May 28, 2008, Defendant John Doe1, 2, and 3, Little, Morgan and

Davis, who was supervised by Defendant Kenn Capper, organized a Congress for all residents at Camp Charles Young, despite the violent events at Big Lodge of the previous day.

67.   Residents of Living Unit #1 were assembled outside their unit.

68.   Present on the grounds were Defendant VisionQuest staff, including Defendants Little, Morgan and Davis, and John Does 1, 2, and 3 who were under the supervision of Defendant Capper.

69.   Upon information and belief, none of these VisionQuest staff members, including Little, Morgan and Davis, and John Doe 1, 2, and 3 monitored the location of any of the residents.

70.   Plaintiff  was permitted to enter the unit alone unescorted by any guards or staff, in reckless indifference to his safety and protection.

71.   Defendants Justice, Shaeed W. and Navin P. subsequently entered the bathroom in the unit where no VisionQuest guard or staff was present, in reckless indifference to Plaintiff's safety, and they confronted Plaintiff alone in the bathroom.

72.   Defendant Justice grabbed a toilet plunger while Defendants Shaeed W. and Navin P. bent Plaintiff over, kicked and punched him and Defendant Justice maliciously forced the toilet plunger into Plaintiff's anus.

73.   With reckless indifference and willful disregard, at no time did any staff member accompany any of the residents into the unit, nor were they present anywhere inside the unit, nor were they aware that the residents were absent.

74.   Plaintiff left the unit and informed staff that he did not wish to participate in the events of the day.  At no time did Defendants John Does 1, 2, or 3, Little,  Morgan or Davis attempt to investigate.

75.     Plaintiff, in fear for his life, disclosed the attack to Defendant VisionQuest staff and was transported to the University of Pittsburgh Medical Center where a rape examination using a standard rape kit was performed and confirmed the attack.

76.     At all times, Defendants VisionQuest, Montgomery County, Office of Children and Youth and Juvenile Probation knew or should have known of the incidents of riotous behavior, violence  and the out-of-control condition of the facility.

77.     Plaintiff was subsequently released by Judge Smyth to his parents.

78.     On or about January 22, 2009, Defendant Jerome Justice was charged with, and pleaded guilty to, involuntary deviate sexual intercourse by forcible compulsion with a prison term of 6.5 to 15 years, two counts of simple assault, each carrying a sentence of one month to two years, to run consecutively, and registration as a sexually violent offender.  Judicial note was taken of the manner in which Defendant acted while incarcerated and that the attacks were over a course of days and that Devon R. had been brutalized.

79.     Defendants Jerome Justice, Navin P. and Shaeed W. committed acts of gross negligence and malicious, willful, and wanton conduct and reckless indifference in assaulting and sexually molesting Plaintiff.

80.     According to a Commonwealth of Pennsylvania's Child Protective Services Investigation Report, three staff members, Defendants Little, Davis and Morgan, were deemed child abuse perpetrators by omission as a result of the incident.

81.     The report also states that deficiencies in VisionQuest's written policies and other failures related to staff assignments "contributed considerably to this incident."

82.     Minor Defendants Navin P. and Shaeed W. were charged and pleaded guilty as juveniles in Philadelphia

83.   Defendants Pagano, Capper, John Does 1,2,3 and 4, Little, Morgan, Davis, Custer and Simon individually and as employees, agents, or servants did deviate from the ordinary standard of care and conduct of persons charged with responsibility for providing for the safety, care, custody, control and supervision of a minor child. Further, Defendants did act with gross negligence, wanton and willful conduct and reckless indifference for Minor Plaintiff Devon R.'s rights.

84.   Defendants VisionQuest and Capper did fail to create proper policies and also failed to adequately train staff, and to supervise staff conduct regarding standard of care and policies and procedures to provide care, protection, safety and wholesome mental and physical development of children in accordance with the "Juvenile Act".   Defendant VisionQuest's and Capper's failure to create proper policies, to adequately train staff, and to supervise their conduct, in the standard of care, policies and procedures to provide care, protection, safety and wholesome mental and physical development of children in accordance with the "Juvenile Act" constitutes gross negligence, wanton and willful conduct, reckless indifference and a flagrant deviation from the ordinary standard of care owed to a minor child subject to their care, custody and control under the Juvenile Act.

85.   Defendants Montgomery County, Office of Children and Youth,  the Juvenile Probation Department, Custer and Simon did fail to adequately discharge their management and supervisory responsibilities for the juvenile while in placement, which failure constituted a gross deviation from their duties to minor juveniles. Their failure to adequately supervise and review policies of VisionQuest, their agent, in the standard of care, policies and procedures to provide care, protection, safety and wholesome mental and physical development of children in accordance with the

"Juvenile Act" constitutes gross negligence, wanton and willful conduct, reckless indifference and a flagrant deviation from the ordinary standard of care owed to a minor child subject to their care, custody and control under the Juvenile Act.

86.     As a result of Defendants' conduct, Devon R. has suffered, and continues to suffer, injuries to his physical health and emotional well-being, his educational progress has been severely damaged and he has suffered, and continues to suffer, emotional distress, embarrassment, loss of self-esteem and trust in authority figures.

87.     As a result of Defendants' acts or failures to act, Devon R. was denied his liberty and his parents were denied their fundamental rights to be primary care givers of their child.

88.     As a result of Defendants' conduct, Lynnette and Richard R. the parents of Devon R. have incurred medical expenses and associated bills and suffered, and continue to suffer significant emotional stress, embarrassment and other damages.

89.     At all relevant times,  a special relationship of the highest order was created between minor Plaintiff and Defendants Montgomery County, Juvenile Probation Department, the Office of Children and Youth and VisionQuest and its employees, servants, and agents.  While at Camp Charles Young, Minor Plaintiff was completely dependent upon these Defendants and their employees, servants, and agents for all aspects of his well-being.  He was not free to leave the facility and he was under twenty four hour care, custody, control and supervision of the Defendants and their employees, servants, and agents.  This care, custody, control and supervision were substituted for the free agency of minor Plaintiff and for the parental guidance of Lynnette R. and Richard R.

90.     At all relevant times during his stay with Defendants VisionQuest, a special

relationship of the highest order was created between minor Plaintiff and Defendants VisionQuest and its employees, servants, and agents.  While Plaintiff was at the Camp, Defendants VisionQuest, and its employees, servants, and agents, were required to exercise reasonable care for Plaintiff's protection and to ensure that employees, servants and agents exercise vigilance in the supervision of residents.

91.    From on or about April 22, 2008 to on or about May 30, 2008, a special relationship of the highest order was created between Plaintiffs and Defendants  Montgomery County,  Juvenile Probation Department and the Office of Children and Youth by taking Plaintiff Devon R. into custody so as to deprive him of his freedom and ability to protect himself.  This special relation created an affirmative duty to ensure that Plaintiff Devon R. was protected while in placement.

92.    At all times prior to his placement at VisionQuest, Plaintiffs looked to and relied upon Montgomery County, the Juvenile Probation Department and the Office of Children and Youth, VisionQuest and Jeanmarie Pagano to place their son in a safe location with proper care, custody and supervision and, since the Court had designated these agencies as responsible for management of the minor while in placement and Ms. Pagano had assured Plaintiffs of the Camp's safety.

93.    The Pennsylvania Juvenile Act provides in pertinent part:

(b)    Purposes -- This chapter shall be interpreted and construed as to effectuate the following purposes:

...

(1.1)to provide for the care, protection, safety and wholesome mental and physical development of children coming within the provisions of this chapter. 42 Pa.C.S.A. § 6301.

94.     Plaintiff Devon R. comes within the provisions of the Juvenile Act as a minor who

        had been adjudicated "delinquent" and committed to the care, custody and control of

        Defendants Office of Children and Youth and Juvenile Probation and Defendants

        VisionQuest.

95.     Defendants Montgomery County, Office of Children and Youth and Juvenile

        Probation failed to meet their responsibilities by failing to supervise, investigate and

        inspect the facilities in which minors were  placed.   Their failure to supervise,

        investigate and inspect the facility so as to ensure Plaintiff was provided proper care,

        protection, safety and wholesome mental and physical development constitutes gross

        negligence, willful and wanton conduct and reckless indifference and a violation of

        the Juvenile Act.

96.     Defendants Montgomery County, Office of Children and Youth and Juvenile

        Probation's failure to supervise, investigate and inspect the facility, constituted gross

        negligence, willful and wanton conduct and reckless indifference such that

        Defendants denied Plaintiff Devon R. his liberty and property without due process of

        law and denied Lynnette R. and Richard R. their fundamental rights as parents.

97.     Defendant Ms. Pagano failed to meet her responsibilities by failing to substantiate and

        investigate and inspect the facilities in which minors were  placed at her

        recommendation.  As such, she negligently misrepresented to the parents that Devon

        R. would be secure and this constituted gross negligence, willful and wanton conduct

        and reckless indifference.

98.     Defendants VisionQuest failed to create proper policies, to adequately train staff and

        supervise their conduct so as to provide for the care, protection, safety and

        wholesome mental and physical development of children in accordance with the

Juvenile Act. Defendants VisionQuests' failure to create proper policies, train staff, and supervise their conduct to ensure the care, protection, safety and wholesome mental and physical development constitutes gross negligence, willful and wanton conduct and reckless indifference and a violation of the Juvenile Act.

99.   Defendants VisionQuest's failure to create proper policies, adequately train and supervise staff constituted gross negligence, willful and wanton conduct and reckless indifference and they denied Devon R.'s liberty and property without due process of law and denied Lynnette R. And Richard R. their fundamental rights as parents.

100.  Despite their knowledge of the delinquency, placement history and aggressive behavior on-site of Defendants Jerome Justice, Shaeed W. and Navin P., Defendants VisionQuest failed to properly separate residents with violent proclivities from those who had no such history so as to provide for the care, protection, safety and wholesome mental and physical development of children in accordance with the Juvenile Act. Defendants VisionQuest's failure herein constitutes gross negligence, willful and wanton conduct and reckless indifference and a violation of the Juvenile Act.

101.  As a result of Defendants VisionQuest's failure to properly separate residents with violent proclivities, so as to provide for the care, protection and safety and wholesome mental and physical development of children in accordance with the Juvenile Act, Defendants VisionQuest acted with gross negligence, willful and wanton conduct and reckless indifference and denied Plaintiff Devon R. his liberty without due process of law and denied Lynnette R. and Richard R. their fundamental rights as parents.

102.  Defendants VisionQuest, its employees, servants and agents, including Capper, Does

1, 2, 3 and 4, Little, Morgan and Davis, failed to properly supervise and monitor residents so as to provide for the care, protection, safety and wholesome mental and physical development of children in accordance with the Juvenile Act.   Defendants VisionQuest's, its employees, servants and agents, including Capper, Does 1, 2, 3 and 4, Joseph Little, Andre Morgan and Ronald Davis, failure herein constitutes gross negligence, willful and wanton conduct and reckless indifference and a violation of the Juvenile Act.

103.   As a result of Defendants VisionQuest, its employees, servants and agents, including Capper, Does 1, 2, 3 and 4, Little, Morgan and Davis, failure to properly supervise and monitor residents, these Defendants acted with gross negligence, willful and wanton conduct and reckless indifference and denied Plaintiff Devon R. his liberty without due process of law and denied Lynnette R. and Richard R. their fundamental rights as parents

104.   Despite the facts and circumstances that were or should have been known, Defendants VisionQuest and Capper failed to provide appropriate security to protect Plaintiff from foreseeable harm.

105.   Prior to the attacks and by their conduct, omissions and inaction, Defendants VisionQuest, Pagano, Capper, John Does 1,2,3 and 4, Little, Morgan and Davis, failed to protect Devon R. from the foreseeable harm posed by the offending residents despite the imminent danger of serious harm

106.   The harms sustained by Plaintiff were the direct and foreseeable result of the actions, policies and procedures of Defendants VisionQuest and its employees, agents and servants.   Defendants acted with gross negligence, willful and wanton conduct and reckless indifference to the Plaintiff's safety and well-being and created a situation in

which others were afforded the opportunity to threaten, assault, harass, intimidate and harm Plaintiff.

107.   Despite the ongoing attacks, threats and harassment, Defendants Pagano, Capper, John Does 1, 2, 3, and 4, Little, Morgan and Davis,  failed to take any action and increased the danger of harm to Plaintiff by continuing to house the offending residents in unit #1 and by tolerance and acquiescence to the ongoing atmosphere of resident-on-resident attacks.

108.   As a direct and proximate result of the gross negligence, wanton and willful conduct, and reckless indifference of Defendants VisionQuest, Defendants Pagano, Capper, John Does 1, 2, 3, and 4, Joseph Little, Andre Morgan and Ronald Davis, Defendants Montgomery County, Office of Children and Youth and Juvenile Probation, Custer and Simon and the negligence, malicious  and intentionally tortious conduct of Defendants Jerome Justice, Shaeed W. and Navin P, the minor Plaintiff has suffered and will continue to suffer pecuniary, physical, psychological and emotional injury and damage including but not limited to:

   a.   Physical pain and suffering;
   b.   Loss of income earning ability;
   c.   Loss of life's pleasures and enjoyments;
   d.   Aggravation of pre-existing mental health problems;
   e.   Emotional harm;
   f.   Further mental and behavioral health disturbance.

109.   In addition to the aforementioned injuries, the minor plaintiff and his parents have incurred medical and psychological care expenses and are likely to incur additional medical and psychological care expenses and rehabilitation expenses because of the gross negligence, willful and wanton conduct and reckless indifference and tortious conduct of Defendants.  These expenses include, but are not limited to, costs for medications and prescription, doctors and nurses fees, hospital bills, psychological

fees; and counseling fees.

## COUNT I
## FEDERAL CIVIL RIGHTS VIOLATIONS
## DENIAL OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS

110.  Plaintiff incorporates by reference previous paragraphs as though fully set forth
herein.

111.  Defendants VisionQuest, Defendants Pagano, Capper, John Doe1, 2, 3 and 4, Joseph
Little, Andre Morgan and Ronald Davis,  Defendants Montgomery County, Office of
Children and Youth and Juvenile Probation, Custer and Simon, acting under color of
state law, by their policies, actions, failure to act, conduct and omissions aforesaid,
have violated plaintiffs' rights to procedural and substantive due process of law as
guaranteed by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

112.  These Defendants have violated Plaintiff Devon R.'s constitutionally protected due
process rights and liberty interests in being secure in his person and bodily integrity
and being free from sexual assault, physical harm and personal threats.

113.  Defendants have violated Plaintiffs' right to freedom from their gross negligence,
willful and wanton conduct, reckless indifference and deliberate indifference or acts
that increase the danger of, injury from invasion of bodily integrity by third parties in
a juvenile detention center.

114.  Defendants VisionQuest, Pagano, Capper, John Doe1, 2, 3 and 4, Joseph Little,
Andre Morgan and Ronald Davis,  Custer and Simon, Defendants Montgomery
County, Office of Children and Youth and Juvenile Probation, whose actions, failures
to act, conduct and omissions placed Plaintiff Devon R. in greater harm, are liable in
their individual capacity and official capacity for the injuries sustained by Plaintiffs.

115.  Defendants VisionQuest encouraged, tolerated, condoned, ratified and were

deliberately indifferent to harmful policies, patterns, practices and customs described above and the need for more or different policies, training, supervision, or discipline causing plaintiffs to suffer and continue to suffer harm, in violation of their rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment thereof, and 42 U.S.C. § 1983.

116.    Defendants Montgomery County, Office of Children and Youth and Probation Department ratified and were deliberately indifferent to the policies, patterns, practices and customs and the need for supervision, investigation, oversight and review of policies of Defendants VisionQuest causing plaintiffs to suffer and continue to suffer harm, in violation of their rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment thereof, and 42 U.S.C. § 1983.

117.    As a direct and proximate result of Defendant's actions, Plaintiffs endured, and continue to endure, pain, suffering, emotional harm and financial losses and were deprived of liberty and property all to Plaintiffs' detriment and loss.

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and severally and seek compensatory damages, punitive damages, where permissible, and attorneys fees and costs.

## COUNT II - VIOLATION OF PENNSYLVANIA'S JUVENILE ACT
## (STATE CLAIM)

118.    Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

119.    Defendants VisionQuest, Pagano, Capper, Does 1, 2, 3 and 4, Joseph Little, Andre Morgan and Ronald Davis,  Defendants Montgomery County, Office of Children and Youth Agency and Juvenile Probation, Custer and Davis by their conduct, inaction or

omissions have violated plaintiffs' rights granted under the provisions of the Pennsylvania Juvenile Act, 42 Pa. C.S.A. §6301, *at seq.*, in that Defendants VisionQuest, Pagano, Capper, Does 1, 2, 3 and 4, Joseph Little, Andre Morgan and Ronald Davis,  Defendants Montgomery County, Office of Children and Youth and Juvenile Probation, Custer and Davis  failed to provide for the care, protection, safety, and wholesome mental and physical development of Devon R., in violation of the Act.

120.   Defendants showed  gross negligence, wanton and willful conduct, and reckless indifference to their responsibilities in this regard as a direct and proximate result of which Plaintiffs suffered and will continue to suffer pecuniary, physical, psychological and emotional injury and damage .

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and severally and seek compensatory damages, punitive damages, where permissible, and attorneys fees and costs.

### COUNT III. -  SEXUAL BATTERY (STATE CLAIM)

121.   Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

122.   The act of sodomy and molestation of Devon R. by Defendants Jerome Justice, Shaeed W. and Navin P constitute intentional acts of sexual battery in that their acts were intended to cause harmful or offensive contact with the person of the minor Plaintiff, and said harmful and offensive conduct did result from their acts.

123.   Defendants Jerome Justice's, Shaeed W.'s and Navin P's., intentional act of sexual battery was a direct and proximate cause of the injuries and damages suffered by the minor plaintiff as described above.

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and severally and seek compensatory damages, punitive damages, where permissible, and attorneys fees and costs

### COUNT IV.   ASSAULT AND BATTERY (STATE CLAIM)

124.   Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

125.   Defendants Jerome Justice, Shaeed W. and Navin P assaulted and battered plaintiff by repeatedly beating him about his face and body.

126.   As a direct and proximate result of Defendants' actions, Plaintiff suffered, and continues to suffer emotional distress, anxiety, loss of life's pleasures, fear and humiliation.

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and severally and seek compensatory damages, punitive damages, where permissible, and attorneys fees and costs

### COUNT V.   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (STATE CLAIM)

127.   Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

128.   All Defendants by their actions inflicted emotional distress on Devon R. and his parents, causing substantial emotional, physical and economic injury to Devon R. and his parents.

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and severally and seek compensatory damages, punitive damages, where permissible, and attorneys fees and costs

## COUNT VI - NEGLIGENCE (STATE CLAIM)

129.   Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

130.   Defendants Steven Custer, James Simon, Jeanmarie Pagano, Kenn Capper, John Does 1,2, 3 and 4, Joseph Little, Andre Morgan and Ronald Davis did act negligently, and with gross negligence, wanton and willful conduct, and reckless disregard with respect to the Plaintiff Devon R. in that their conduct toward him, as described above,  breached a duty to protect minor plaintiff based on their special relationship with Devon R. resulting from their employment in the position of care, custody, protection and supervision of the minor Plaintiff who was otherwise unable to care for and protect himself.

131.   Defendants VisionQuest, Montgomery County,  Juvenile Probation, Office of Children and Youth and Jeanmarie Pagano negligently misrepresented the safety of VisionQuest to Plaintiffs Lynnette and Richard R.

132.   Defendants Montgomery County, Juvenile Probation Department and Office of Children and Youth, Pagano, Custer or Simon acted with gross negligence, wanton and willful conduct, and reckless indifference in failing to take steps to supervise, investigate or substantiate the claims made by VisionQuest regarding the safety of residents such as Plaintiff Devon R.

133.   Defendants VisionQuest, Montgomery County, Office of Children and Youth and Juvenile Probation did act negligently, and with gross negligence, wanton and willful conduct, and reckless disregard with respect to the Plaintiff Devon R. in that their conduct toward him, as described above,  breached a duty to protect minor plaintiff based on their special relationship with Devon R. resulting from their responsibility

for the care, custody, protection and supervision of the minor Plaintiff who was otherwise unable to care for and protect himself.

134.   As a direct and proximate result of Defendants' actions, Plaintiffs endured, and continues to endure,  pain, suffering, emotional harm and financial losses

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and severally and seek compensatory damages, punitive damages, where permissible, and attorneys fees and costs

## COUNT VII.  NEGLIGENCE - HIRING, SUPERVISION, RETENTION (STATE CLAIM)

135.   Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

136.   As a direct and proximate result of Defendants' actions, Plaintiffs endured, and continues to endure, pain, suffering, emotional harm and financial losses

137.    During minor Plaintiff Devon R.'s placement at Defendants VisionQuest's program, Defendant VisionQuest and Montgomery County, Office of Children and Youth and Juvenile Probation acted with negligence, gross negligence, wanton and willful conduct and reckless disregard with respect to the minor Plaintiff in a manner that breached and/or violated the special relationship between Defendants VisionQuest Montgomery County, Office of Children and Youth and Juvenile Probation and the minor Plaintiff seeking rehabilitation, care, education and treatment, by failing to exercise reasonable precautions, vigilance and care in the supervision of staff and residents so as to protect the minor Plaintiff, who was in a position of vulnerability, helplessness, trust and reliance from the criminal and tortious acts of employees, servants and agents and residents.

138.   Defendant Montgomery County, Office of Children and Youth and Juvenile Probation did act negligently with respect to the care, custody and control of minor Plaintiff by failing to supervise and inspect Defendants VisionQuests facilities and policies with regard to placement of juveniles and safeguards in place to ensure their safety and well-being.

139.   Defendant VisionQuest, did act negligently with respect to the care, custody and control of minor plaintiff as follows:

   a.   Failing to abide by the proper standard of care of a minor plaintiff, which is ensuring the minor plaintiff's safety and well-being while in placement;
   b.   In failing to select, train and retain competent, qualified employees;
   c.   In failing to properly supervise employees;
   d.   In failing to formulate, implement and enforce adequate rules, procedures, or safeguards to ensure the safety of minor residents;
   e.   In failing to formulate, implement, and enforce adequate rules, policies, procedures or safeguards designed to prevent residents from being sexually battered or victimized by other parties who are known to have aggressive or violent tendencies;
   f.   In placing incompetent, unfit, and unqualified employees in a position of control or supervision over delinquent residents when it knew or upon reasonable inquiry or diligence could have known of the employee's incompetence, unfitness and lack of qualifications;
   g.   In entrusting minor Plaintiff's care, supervision and safety in the hands of incompetent, unfit and unqualified employees when it knew or upon reasonable inquiry or diligence could have known of the employee's incompetence, unfitness and lack of qualifications;
   h.   In permitting Plaintiff to be locked up alone with Defendants Jerome Justice, Shaeed W. and Navin P where he was helpless and vulnerable to the battery by the Defendants.

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and severally and seek compensatory damages, punitive damages, where permissible, and attorneys fees and costs.

## COUNT VIII - RESPONDEAT SUPERIOR (STATE CLAIM)

140.   Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

141.    At all times material hereto, Defendants Pagano, Capper, John Does 1,2, 3 and 4 Little, Morgan and Davis, were the agents, employees and servants of Defendants VisionQuest.

142.    At all times material hereto, Defendants Pagano, Capper, John Does 1,2, 3 and 4, Little, Davis and Morgan were acting in furtherance of defendants VisionQuest's interests, activities and affairs.

143.    At all times material hereto, Defendants controlled or had the right to control the actions of the individual defendants named herein.

144.    At all relevant times,  Defendants Pagano, Capper, John Does 1,2, 3 and 4 Little, Morgan and Davis, were acting within the scope of their authority as an employee, agent or servant and within the course of their employment.

145.    Defendants VisionQuest is liable for the actions of Defendants Pagano, Capper, John Does 1,2, 3 and 4, Little, Morgan and Davis.

146.    As a direct and proximate result of Defendants VisionQuest's actions, Plaintiffs endured, and continues to endure, pain, suffering, emotional harm and financial losses.

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and severally and seek compensatory damages, punitive damages, where permissible, and attorneys fees and costs.

## COUNT IX - RESPONDEAT SUPERIOR (STATE CLAIM)

147.    Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

148.    At all times material hereto, Defendants VisionQuest, Pagano, Capper, John Does 1,2, 3 and 4, Little, Morgan and Davis, Custer and Simon and were the agents,

employees or servants of Defendants Montgomery County, Office of Children and Youth, and Juvenile Probation.

149.   At all times material hereto, Defendants Vision Quest, Pagano, Capper, John Does 1,2, 3 and 4, Little, Davis, Morgan, Custer and Simon were acting in furtherance of Defendants Montgomery County's, Office of Children and Youth's, and Juvenile Probation's. interests, activities and affairs.

150.   At all times material hereto, Defendants Montgomery County, Office of Children and Youth, and Juvenile Probation controlled or had the right to control the actions of the Defendants Vision Quest, Pagano, Capper, John Does 1,2, 3 and 4, Little, Davis, Morgan, Custer and Simon.

151.   At all relevant,  Defendants VisionQuest, Pagano, Capper, John Does 1,2, 3 and 4, Little, Morgan, Davis, Custer and Simon were acting within the scope of their authority as an employee, agent or servant and within the course of their employment or agency.

152.   Defendants Montgomery County, Office of Children and Youth and Juvenile Probation are liable for the actions of Defendants VisionQuest, Pagano, Capper, John Does 1,2, 3 and 4, Little, Morgan, Davis, Custer and Simon.

153.   As a direct and proximate result of Defendants VisionQuest's actions, Plaintiffs endured, and continues to endure, pain, suffering, emotional harm and financial losses.

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and severally and seek compensatory damages, punitive damages, where permissible, and attorneys fees and costs

## COUNT X - CORPORATE NEGLIGENCE (STATE CLAIM)

154.    Plaintiff incorporates by reference previous paragraphs as though fully set forth

herein.

155.    As a direct and proximate result of Defendants VisionQuest's actions, Plaintiffs

endured, and continues to endure, pain, suffering, emotional harm and financial

losses.

156.    Defendants VisionQuest breached their non-delegable duty owed directly to the

minor Plaintiff, and acted with negligence, gross negligence, wanton and willful

conduct and reckless indifference  as follows:

a.      Failing to maintain a safe facility;

b.      Failing to select and train only competent personnel;

c.      Failing to formulate, adopt and enforce rules, policies or procedures to ensure

standards of care and safety of its residents;

d.      Failing to supervise staff within its facility in carrying out their duties to

monitor residents.

WHEREFORE, Plaintiffs request judgment in their favor and against defendants, jointly and

severally and seek compensatory damages, punitive damages, where permissible, and

attorneys fees and costs

Date: 3 April 2009              BY:_____
                                ANTHONY F. ZABICKI, JR.
                                MARY M. LABAREE
                                STARK & STARK, P.C.
                                ATTORNEYS FOR PLAINTIFFS
                                1800 JFK BOULEVARD, SUITE 403
                                PHILADELPHIA, PA 19103
                                215-564-5300 (Telephone)
                                215-564-6245 (Facsimile)